1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

| | |
|---|---|
| BOBBY TUCKER, et al., | CASE NO. C13-1566JLR |
| Plaintiffs, | ORDER DENYING TEMPORARY RESTRAINING ORDER |
| v. | |
| SEATTLE HOUSING AUTHORITY, | |
| Defendant. | |

15

16

17

18

19

20

21

22

Before the court is Plaintiff Bobby Tucker's motion for an emergency injunction, which the court liberally construes as a motion for a temporary restraining order ("TRO").  (Mot. (Dkt. # 7).)  Mr. Tucker is a homeless person with a five-year-old daughter.  (*Id.* at 2.)  He is currently staying at a shelter run by the Young Women's Christian Association ("YWCA").  (*Id.*)  The YWCA has asked Mr. Tucker to move out of the shelter by 5:00 PM on October 10, 2013, stating that his participation in the "YWCA Extended Shelter Program" will end at that time.  (*Id.* at 3.)  Mr. Tucker asks the court to enjoin the YWCA from forcing him out of the shelter, alleging that he has "no

ORDER- 1

1   place to go with [his] daughter." (*Id.* at 2.)  He claims that the YWCA is "suppose to

2   help get you off the street not put you on them." (*Id.*)  He claims to be a participant in a

3   program called the "Rapid Rehousing Program" and says that he has "given the YWCA

4   what they have asked for" but still has no place to live.  (*Id.*)

5        A plaintiff seeking a temporary restraining order in federal court must meet the

6   standards for issuing a preliminary injunction. *Lockheed Missile & Space Co., Inc. v.*

7   *Hughes Aircraft Co.*, 887 F. Supp. 2d 1320, 1323 (N.D. Cal. 1995).  Accordingly, the

8   plaintiff must establish (1) that he is likely to succeed on the merits, (2) that he is likely to

9   suffer irreparable harm in the absence of preliminary relief, (3) that the balance of

10  equities tips in his favor, and (4) that an injunction is in the public interest.  *Winter v.*

11  *Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008).  In addition, a "preliminary

12  injunction is appropriate when a plaintiff demonstrates that serious questions going to the

13  merits were raised and the balance of hardships tips sharply in the plaintiff's favor,"

14  provided the plaintiff also demonstrates irreparable harm and that the injunction is in the

15  public interest.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th

16  Cir. 2011).

17        Mr. Tucker has not demonstrated that he is entitled to a preliminary injunction.

18  Mr. Tucker's motion demonstrates that he faces extremely challenging circumstances and

19  that he and his daughter may soon become homeless.  However, it does not show that Mr.

20  Tucker is likely to succeed on the merits of any claim he may have against the YWCA.

21  (*See* Mot.)  To begin, the YWCA is not named as a defendant in this action.  (*See* Compl.

22  (Dkt. # 3).)  The complaint names only the Seattle Housing Authority and makes no

1  mention of the YWCA. (*Id.*) The court cannot issue an injunction against a party that is

2  not named in this action. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100,

3  112 (1969); *Chavez v. Hansson*, No. 07-1405 LAB (CAB), 2008 WL 344192, at *2 (S.D.

4  Cal. Feb. 5, 2008) (District courts lack authority to issue injunctions directed at entities

5  that are not named as parties in the action before them.) But even if the court were to

6  construe Mr. Tucker's complaint as including the YWCA as a defendant, *see Bernhardt*

7  *v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se

8  pleadings liberally . . . ."), Mr. Tucker still has not shown that he has any claim entitling

9  him to relief against the YWCA. Mr. Tucker alleges no reason why the YWCA's actions

10  are unlawful. (*See* Mot.) Indeed, it appears from Mr. Tucker's submissions that his

11  participation in the YWCA's shelter program has come to an end. (*See id.* at 3.) Mr.

12  Tucker does not allege that the YWCA has any legal obligation to allow him to remain in

13  its shelter, nor does he allege any other legal duty on which the court could premise a

14  right to relief. (*See* Mot.) The court can discern no such right to relief on its own inquiry

15  either.

16  //

17  //

18  //

19  //

20  //

21  //

22  //

ORDER- 3

1    Accordingly, Mr. Tucker has not demonstrated likelihood of success on the merits

2 of his claim as required by *Winter*, 129 S. Ct. at 374, or "serious questions" going to the

3 merits of his claim as required by *Cottrell*, 632 F.3d at 1134-35.  Absent these showings,

4 the court cannot issue a temporary restraining order and DENIES Mr. Tucker's motion

5 (Dkt. # 7).

6    Dated this 10th day of October, 2013.

7

8

9 _____

    JAMES L. ROBART
10    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 4